CV 13-5782

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAUSKOPF, J.

-------------------------------------------------------------------X
ALEXANDER LIVINGSTON, as the Administrator of the
Estate of KYAM LIVINGSTON, deceased, and
ALEXANDER LIVINGSTON, individually,

Civil Action No.: _____

                                        Plaintiffs,

                - against -

**COMPLAINT**

CITY OF NEW YORK, CHIEF OF DEPARTMENT
PHILIP BANKS, III, COMMISSIONER DORA B.
SCHRIRO, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, POLICE OFFICERS
JOHN DOE 1 and 2, CORRECTIONS OFFICER JANE
DOE,

**JURY TRIAL DEMANDED**

                                        Defendants.
-------------------------------------------------------------------X

Plaintiffs, **ALEXANDER LIVINGSTON, as the Administrator of the Estate of
KYAM LIVINGSTON, deceased, and ALEXANDER LIVINGSTON, individually,** by their
attorneys, THE TAUB LAW FIRM, P.C., hereby bring this action under 42 U.S.C. § 1983 to
redress their civil and legal rights, and allege as follows:

### PRELIMINARY STATEMENT

1.      This is a civil rights action in which the Plaintiff, **ALEXANDER
LIVINGSTON, as the Administrator of the Estate of KYAM LIVINGSTON, deceased, and
ALEXANDER LIVINGSTON, individually,** seek relief for the Defendants' violation of
Decedent's, **KYAM LIVINGSTON,** civil rights secured by 42 U.S.C. § 1983 and the Fourth
and Fourteenth Amendments of the United States Constitution. This case arises from the death
of Decedent, **KYAM LIVINGSTON,** on or about July 21, 2013 in which members, officers,
employees and/or agents of Defendants, **CITY OF NEW YORK, CHIEF OF DEPARTMENT
PHILIP BANKS, III, COMMISSIONER DORA B. SCHRIRO, NEW YORK CITY**

HEALTH AND HOSPITALS CORPORATION, POLICE OFFICERS JOHN DOE 1 and 2, CORRECTIONS OFFICER JANE DOE, subjected Decedent, KYAM LIVINGSTON, to unlawful arrest, false imprisonment, deprivation of her Constitutional rights and withheld necessary medical care and treatment.

  2. Plaintiffs seek compensatory and punitive damages, an award of costs, interest and attorney's fees and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

  3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343, this being an action for the violation of Plaintiffs' Constitutional and civil rights.

  4. Venue in this District is proper under 28 U.S.C. 1391(b) and (c) in that Defendant, CITY OF NEW YORK, is administratively located within the EASTERN DISTRICT of New York and the events giving rise to this claim occurred within the boundaries of the EASTERN DISTRICT of New York.

## JURY TRIAL DEMANDED

  5. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

  6. Plaintiff, ALEXANDER LIVINGSTON, is and was at all times relevant herein a resident of Brooklyn, Kings County, New York.

  7. Decedent, KYAM LIVINGSTON, is and was at all times relevant herein a resident of Brooklyn, Kings County, New York.

8.      Defendant, **CITY OF NEW YORK**, is and was at all times relevant a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant, **CITY OF NEW YORK**, assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant, **CITY OF NEW YORK**, is authorized by law to maintain a department of corrections which acts as its agent in the area of maintenance, control and supervision of prisoners and correctional facilities, and for which it is ultimately responsible. Defendant, **CITY OF NEW YORK**, assumes the risks incidental to the maintenance of a department of corrections and the employment of corrections officers. Defendant, **CITY OF NEW YORK**, was at all times relevant herein the public employer of the individual defendants.

9.      Defendant, **PHILIP BANKS, III**, is and was at all times relevant herein Chief of Department of the New York City Police Department. As the highest-ranking uniformed member, Defendant, **PHILIP BANKS, III**, is responsible for the creation, implementation and enforcement of the practices, policies and customs of the New York City Police Department and its precincts. At all times relevant to this complaint, Defendant, **PHILIP BANKS, III**, is sued individually and in his official capacity.

10.     Defendant, **DORA B. SCHRIRO**, is and was at all times relevant herein Commissioner of the New York City Department of Corrections. As Commissioner, Defendant, **DORA B. SCHRIRO**, is responsible for the creation, implementation and enforcement of the practices, policies and customs of the New York City Department of Corrections and its prisons, jails and transfer facilities including Brooklyn Central Booking. Defendant, **DORA B. SCHRIRO**, is sued individually and in her official capacity.

11.     Defendant, **NEW   YORK   CITY   HEALTH   AND   HOSPITALS CORPORATION**, (hereinafter "NYCHHC"), is and was at all times relevant herein a municipal hospital corporation responsible for the operation, creation, implementation and/or enforcement of the practices, policies and customs at hospitals throughout New York City including KINGS COUNTY HOSPITAL.

12.     Defendants, **JOHN DOE 1-2**, are and were at all times relevant herein police officers, detectives, sergeants, supervisors and/or commanders employed by the New York City Police Department, who assisted and/or acted in concert with Defendant, **PHILIP BANKS, III**, and each other in violating the rights of Decedent, **KYAM LIVINGSTON**. They are sued in their individual and official capacity.

13.     Defendant, **JANE DOE**, is and was at all times relevant herein a corrections officer, sergeants, supervisor and/or commander employed by the New York City Department of Corrections, who assisted and/or acted in concert with Defendant, **DORA B. SCHRIRO**, in violating the rights of Decedent, **KYAM LIVINGSTON**.  She is sued in her individual and official capacity.

## STATEMENT OF FACTS

14.     Decedent, **KYAM LIVINGSTON**, was a thirty-eight year-old female residing with her grandmother, THERESA JOHNSON, in the County of Kings, City and State of New York.

15.     Plaintiff, **ALEXANDER LIVINGSTON**, the son of decedent and a twenty-one year-old resident of the County of Kings, City and State of New York has prior hereto been duly appointed by the Surrogate's Court, Kings County as Administrator of Estate of Decedent, **KYAM LIVINGSTON**.

16. Upon information and belief, at all times mentioned herein, Decedent, **KYAM LIVINGSTON** resided with her grandmother, THERESA JOHNSON in a private residence in Brooklyn, New York.

17. Upon information and belief, prior to July 20, 2013, THERESA JOHNSON obtained a limited order of protection against Decedent, **KYAM LIVINGSTON,** essentially a "do not harass" order of protection common between relatives who experience difficulties in their relationships.

18. The limited order of protection required Decedent, **KYAM LIVINGSTON**, from engaging in loud arguments with her grandmother, THERESA JOHNSON, or consuming alcohol within their residence.

19. On or about the evening of July 19, 2013, Decedent, **KYAM LIVINGSTON,** attended a party where alcohol was served and where Decedent consumed some alcohol, although no alcohol was consumed at the home Decedent shared with her grandmother.

20. Upon returning home from the party on or about the evening of July 19, 2013, Decedent, **KYAM LIVINGSTON** and her grandmother, THERESA JOHNSON, argued, however, the argument was not loud or violent and no damage was done to the apartment or its furnishings.

21. After Decedent, **KYAM LIVINGSTON**, returned home and following the aforementioned argument, her grandmother, THERESA JOHNSON, called "911" and Defendants, **JOHN DOE 1 and 2**, and other police officers acting, upon information and belief, within the scope and furtherance of their employment with Defendant, **CITY OF NEW YORK**, and/or NEW YORK CITY POLICE DEPARTMENT arrived at their residence.

22.     On or about July 20, 2013, at approximately 1:30 a.m., Defendants, **JOHN DOE 1 and 2**, and other police officers acting, upon information and belief, within the scope and furtherance of their employment with Defendants, **CITY OF NEW YORK**, and/or NEW YORK CITY POLICE DEPARTMENT transported Decedent, **KYAM LIVINGSTON**, to Kings County Hospital owned and operated by Defendant, **NYCHHC**, for toxicology testing and other medical monitoring, testing, care and/or treatment.

23.     Upon information and belief, on Saturday, July 20, 2013, at approximately 9:00 a.m., Defendants', **NYCHHC**, medical staff and personnel acting in the scope and furtherance of their employment at KINGS COUNTY HOSPITAL discharged and released Decedent, **KYAM LIVINGSTON**, into the custody of Defendant, **CITY OF NEW YORK, JOHN DOE 1 and 2,** and/or NEW YORK CITY POLICE DEPARTMENT.

24.     Upon information and belief, on Saturday, July 20, 2013, at approximately 9:00 a.m., Defendants', **NYCHHC**, medical staff and personnel acting in the scope and furtherance of their employment at KINGS COUNTY HOSPITAL discharged and released Decedent, **KYAM LIVINGSTON**, into the custody of Defendant, **CITY OF NEW YORK, JOHN DOE 1 and 2,** and/or NEW YORK CITY POLICE DEPARTMENT, when, upon information and belief, it was improper to do so based on decedent's medical condition.

25.     Upon discharge from KINGS COUNTY HOSPITAL on July 20, 2013 at approximately 9:00 a.m., Decedent, **KYAM LIVINGSTON**, was then transported by Defendants, **JOHN DOE 1 and 2**, or other police officers as a prisoner to Defendant's, **CITY OF NEW YORK**, and/or NEW YORK CITY POLICE DEPARTMENT 70th Precinct located at 154 Lawrence Avenue, Brooklyn, NY, 11230, for processing.

26.     Upon discharge from KINGS COUNTY HOSPITAL on July 20, 2013 at approximately 9:00 a.m., Decedent, **KYAM LIVINGSTON**, was then transported by Defendants, **JOHN DOE 1 and 2**, or other police officers as a prisoner to Defendant's, **CITY OF NEW YORK**, and/or NEW YORK CITY POLICE DEPARTMENT 70th Precinct located at 154 Lawrence Avenue, Brooklyn, NY, 11230, for processing, when, upon information and belief, it was medically improper, unnecessary, premature, and contraindicated to do so.

27.     Upon information and belief, on Saturday, July 20, 2013, at approximately 10:30 a.m., police officers and/or corrections officers acting, upon information and belief, in the scope and furtherance of their employment with Defendant, **CITY OF NEW YORK, PHILIP BANK, III, and DORA B. SCHRIRO**, and/or NEW YORK CITY POLICE DEPARTMENT, and/or NEW YORK CITY DEPARTMENT OF CORRECTIONS, transferred Decedent, **KYAM LIVINGSTON**, from the aforesaid 70th Precinct, 154 Lawrence Avenue, Brooklyn, NY, 11230, to Brooklyn Central Booking, 120 Schermerhorn Street, Brooklyn, NY 11201, to await arraignment.

28.     Upon information and belief, from Saturday, July 20, 2013, at approximately 10:30 a.m., through Sunday, July 21, 2013, at approximately 6:40 a.m., Decedent, **KYAM LIVINGSTON**, was then confined for an approximate twenty (20) hour period within Brooklyn Central Booking, 120 Schermerhorn Street, Brooklyn, NY 11201, to await arraignment.

29.     Upon information and belief, while Decedent, **KYAM LIVINGSTON**, was confined in Brooklyn Central Booking, while her health steadily declined and during which time she requested medical treatment on numerous occasions.

30.    Upon information and belief, ALEAH HOLLAND was held in the same holding cell at Brooklyn Central Booking with Decedent, **KYAM LIVINGSTON**, on July 20, 2013, through July 21, 2013.

31.    Upon information and belief, ALEAH HOLLAND, a registered nurse was held in the same holding cell at Brooklyn Central Booking with Decedent, **KYAM LIVINGSTON**, on July 20, 2013, through July 21, 2013.

32.    Upon information and belief, Decedent, **KYAM LIVINGSTON**, looked "out of it," distant, dazed and confused, when brought into the holding cell at Brooklyn Central Booking.

33.    Upon information and belief, ALEAH HOLLAND and others in the same holding cell witnessed Decedent, **KYAM LIVINGSTON**, moaning, rocking back and forth, and crying out in pain.

34.    Throughout her detention in Brooklyn Central Booking., Decedent, **KYAM LIVINGSTON**, repeatedly requested medical attention and to be returned to the hospital.

35.    Also throughout her detention, others in the same holding cell, including ALEAH HOLLAND, requested medical attention for Decedent, **KYAM LIVINGSTON**.

36.    Upon information and belief, other inmates confined within the holding cell with Decedent, **KYAM LIVINGSTON**, attempted to alert police officers and/or corrections officers acting, upon information and belief, in the scope and furtherance of their employment with Defendant, **CITY OF NEW YORK,** and/or NEW YORK CITY POLICE DEPARTMENT, and/or NEW YORK CITY DEPARTMENT OF CORRECTIONS, of decedent's dire condition but were rebuffed with threats that their paperwork "would get lost."

37.     Upon information and belief, Decedent's, **KYAM LIVINGSTON**, health continued to decline causing her to moan in pain, lose control of her bowels and defecate on herself, eventually lose consciousness, and ultimately die.

38.     Upon information and belief, while still in the aforesaid holding cell and despite repeated calls for help and medical intervention, Plaintiff's Decedent, **KYAM LIVINGSTON**, was caused to lose consciousness, only to awake screaming, convulsing with her hands turning blue, all of which occurred prior to her death.

39.     Upon information and belief, Defendant, **JANE DOE**, and other corrections officers acting, upon information and belief, in the scope and furtherance of their employment with Defendant, **CITY OF NEW YORK**, and/or NEW YORK CITY POLICE DEPARTMENT, and/or NEW YORK CITY DEPARTMENT OF CORRECTIONS, knew or should have known of Decedent's declining medical condition and callously disregarded all requests for medical assistance.

40.     Upon information and belief, corrections officer, Defendant, **JANE DOE**, acting in the scope and furtherance of her employment with Defendant, **CITY OF NEW YORK**, and/or NEW YORK CITY POLICE DEPARTMENT, and/or NEW YORK CITY DEPARTMENT OF CORRECTIONS, was notified of and observed Decedent, **KYAM LIVINGSTON**, moaning and convulsing and refused to summon medical assistance stating "Just let it play out," and/or similar words to that effect.

41.     Upon information and belief, corrections officer, Defendant, **JANE DOE**, and/or other corrections officers acting in the scope and furtherance of their employment with Defendant, **CITY OF NEW YORK**, and/or NEW YORK CITY POLICE DEPARTMENT, and/or NEW YORK CITY DEPARTMENT OF CORRECTIONS, were/was notified of and

observed Decedent, **KYAM LIVINGSTON**, moaning and convulsing and refused to summon medical assistance stating to other inmates to "keep quiet or we'll lose your paperwork," and/or similar words to that effect.

42.     Upon information and belief, Decedent, **KYAM LIVINGSTON**, died between 6:00 a.m. and 6:15 a.m. on Sunday, July 21, 2013.

43.     Upon information and belief, Defendant, **JANE DOE**, and/or other corrections officer or officers acting, upon information and belief, in the scope and furtherance of their employment with Defendant, CITY OF NEW YORK, and/or NEW YORK CITY POLICE DEPARTMENT, and/or NEW YORK CITY DEPARTMENT OF CORRECTIONS, did not request emergency medical personnel until sometime right before 6:15 a.m. on Sunday, July 21, 2013, and said emergency medical personnel did not arrive until sometime between 6:15 a.m. and 6:30 a.m. on Sunday, July 21, 2013.

44.     Upon information and belief, Decedent, **KYAM LIVINGSTON**, died subsequent to the arrival of emergency medical personnel.

45.     Upon information and belief, multiple witnesses, other detainees within the facility, overheard statements from police officers and/or corrections officers acting, upon information and belief, in the scope and furtherance of their employment with Defendants, **CITY OF NEW YORK**, and/ or NEW YORK CITY POLICE DEPARTMENT, and/or NEW YORK CITY DEPARTMENT OF CORRECTIONS, within the facility callously disregarding Decedent's, **KYAM LIVINGSTON**, physical descent and the need for medical assistance on a continuing and repeated basis, including up to and at the time of her demise, a prolonged period of wholly avoidable suffering leading to her untimely death.

46.     Plaintiff has been hindered in investigating the current matter through denials of Freedom of Information Law requests, referrals to other departments and general obstruction of the Defendants, and has been unable to obtain the names of the others in the holding cell with the Decedent, **KYAM LIVINGSTON**, or the names of other prisoners in Brooklyn Central Booking during the time of the incidents complained of herein, the names of the police officers, corrections officers and/or other employees of Defendant, **CITY OF NEW YORK**, and/or NEW YORK CITY POLICE DEPARTMENT, and/or NEW YORK CITY DEPARTMENT OF CORRECTIONS, who were on duty during the time of the incidents complained of herein or any video footage.

### NOTICE OF CLAIM PURSUANT TO NEW YORK GENERAL MUNICIPAL LAW § 50-e

47.     On July 26, 2013 a Notice of Claim was served on Defendants, **CITY OF NEW YORK and NYCHHC**.  In addition, on July 26, 2013 a Notice of Claim was served on NEW YORK CITY POLICE DEPARTMENT and NEW YORK CITY DEPARTMENT OF CORRECTIONS.

48.     On September 19, 2013 an Amended Notice of Claim was served on Defendants, **CITY OF NEW YORK and NYCHHC**.  In addition, on September 19, 2013 an Amended Notice of Claim was served on NEW YORK CITY POLICE DEPARTMENT and NEW YORK CITY DEPARTMENT OF CORRECTIONS.

49.     At least thirty (30) days have elapsed since the service of such Notices and Amended Notice of Claim and the adjustment or payment thereof has been refused.

50.     On or about October 22, 2013 at approximately 10:30 a.m., an oral hearing pursuant to New York State General Municipal Law § 50-h was conducted of Plaintiff,

ALEXANDER LIVINGSTON, by Defendant, **CITY OF NEW YORK,** at which time testimony was taken under oath.

51.     Upon information and belief, Defendant, **NYCHHC,** also noticed a municipal hearing pursuant to New York State General Municipal Law § 50-h, but then either canceled, rescheduled and/or advised of a postponement of same, but nonetheless Plaintiff, **ALEXANDER LIVINGSTON,** remains available and willing to submit to such a hearing, if a firm date and location is set, despite the filing of this lawsuit and/or even if such a hearing is held after the filing date.

## CAUSES OF ACTION

### FIRST CLAIM:  DENIAL OF MEDICAL CARE
**(Deprivation of Rights Under the Fourth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983)**

52.     Plaintiff incorporates by reference each and every allegation set forth hereinabove, as though more fully set forth at length herein.

53.     Defendants, **CITY OF NEW YORK, PHILIP BANKS, III, DORA B. SCHRIRO, JOHN DOE 1 AND 2, and JANE DOE 1,** conduct in deliberately refusing to attend to Decedent's, **KYAM LIVINGSTON,** serious medical needs, in not sending Decedent to an outside hospital for emergency care, and in fact completely ignoring all pleas for help from Decedent and others in her holding cell and instead letting her condition "play out" violated Decedent's Constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

54.     That as a result of the foregoing Plaintiff claims damages in the sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## SECOND CLAIM:  UNLAWFUL ARREST
### (Deprivation of Rights Under the First, Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983)

55.     Plaintiff incorporates by reference each and every allegation set forth hereinabove, as though more fully set forth at length herein.

56.     The conduct and actions of Defendants, **CITY OF NEW YORK, PHILIP BANKS, III, and JOHN DOE 1 and 2,** on July 20, 2013 acting under color of law, in arresting and detaining or causing the arrest and detention of Decedent, **KYAM LIVINGSTON,** without probable cause, was done intentionally, maliciously, with a deliberate indifference and/or reckless disregard for the natural and probable consequences of their acts, was done without justification or reason and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Decedent's, **KYAM LIVINGSTON,** Constitutional rights as guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution.

57.     Defendants, **CITY OF NEW YORK, PHILIP BANKS, III, and JOHN DOE 1 and 2,** are liable for ordering, condoning, allowing and/or directly participating in the acts described herein and for failing to intervene to protect Decedent, **KYAM LIVINGSTON,** from the illegal conduct of their fellow officers.

58.     As a direct and proximate result of the foregoing, Decedent, **KYAM LIVINGSTON,** was deprived of her liberty, was subjected to great humiliation, serious physical pain, emotional pain and suffering and ultimately died while unlawfully detained, and was otherwise damaged and injured.

59.     That as a result of the foregoing Plaintiff claims damages in the sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## THIRD CLAIM:  DENIAL OF MEDICAL CARE
### (Deprivation of Rights Under the Fourth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983)

60.    Plaintiff incorporates by reference each and every allegation set forth hereinabove, as though more fully set forth at length herein.

61.    Defendants', **CITY OF NEW YORK, PHILIP BANKS, III, NYCHHC, and JOHN DOE 1 AND 2,** conduct in releasing and/or causing the release of Decedent, **KYAM LIVINGSTON**, prematurely and when it was improper to do so based upon her medical condition, and in not continuing the care necessary for Decedent, **KYAM LIVINGSTON,** violated Decedent's Constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

62.    That as a result of the foregoing, Plaintiff's decedent incurred pain and great suffering of body and mind prior to her demise.

63.    That as a result of the foregoing Plaintiff claims damages in the sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## FOURTH CLAIM:  FALSE IMPRISONMENT
### (Deprivation of Rights Under the First, Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983)

64.    Plaintiff incorporates by reference each and every allegation set forth hereinabove, as though more fully set forth at length herein.

65.    The conduct and actions of Defendants, **CITY OF NEW YORK, DORA B. SCHRIRO and JANE DOE**, on July 20, 2013 acting under color of law, in arresting and detaining or causing the arrest and detention of Decedent, **KYAM LIVINGSTON**, without probable cause, was done intentionally, maliciously, with a deliberate indifference and/or reckless disregard for the natural and probable consequences of their acts, was done without

justification or reason and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Decedent's, **KYAM LIVINGSTON**, Constitutional rights as guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution.

66.     Defendants, **CITY OF NEW YORK, DORA B. SCHRIRO and JANE DOE 1,** are liable for ordering, condoning, allowing and/or directly participating in the acts described herein and for failing to intervene to protect Decedent, **KYAM LIVINGSTON**, from the illegal conduct of their fellow officers.

67.     As a direct and proximate result of the foregoing, Decedent, **KYAM LIVINGSTON**, was deprived of her liberty, was subjected to great humiliation, serious physical pain, emotional pain and suffering and ultimately died while unlawfully detained, and was otherwise damaged and injured.

68.     That as a result of the foregoing Plaintiff claims damages in the sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

**FIFTH CLAIM: WRONGFUL DEATH**
**(Deprivation of Rights Under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983)**

69.     Plaintiff incorporates by reference each and every allegation set forth hereinabove, as though more fully set forth at length herein.

70.     Defendants, **CITY OF NEW YORK, PHILIP BANKS, III, DORA B. SCHRIRO, JOHN DOE 1 and 2 and JANE DOE 1,** conduct in deliberately refusing to attend to Decedent's, **KYAM LIVINGSTON**, serious medical needs, in not sending Decedent to an outside hospital for emergency care, and in fact completely ignoring all pleas for help from Decedent and others in her holding cell and instead letting her condition "play out" violated

Decedent's Constitutional rights under the Fourth and Fourteenth Amendments of the United

States Constitution.

71.     That as a result of the foregoing, Plaintiff's decedent incurred pain and great

suffering of body and mind prior to her demise on July 21, 2013

72.     That as a result of the foregoing Plaintiff claims damages in the sum not to exceed

TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### SIXTH CLAIM:  PAIN AND SUFFERING & CRUEL AND UNUSUAL PUNISHMENT
**(Deprivation of Rights Under the Fourth, Eighth, and Fourteenth Amendments to the
United States Constitution and 42 U.S.C. § 1983)**

73.     Plaintiff incorporates by reference each and every allegation set forth

hereinabove, as though more fully set forth at length herein.

74.     Defendants, **CITY OF NEW YORK, PHILIP BANKS, III, DORA B.**

**SCHRIRO, JOHN DOE 1 and 2 and JANE DOE 1,** conduct in deliberately refusing to attend

to Decedent's, **KYAM LIVINGSTON**, serious medical needs, in not sending Decedent to an

outside hospital for emergency care, and in fact completely ignoring all pleas for help from

Decedent and others in her holding cell and instead letting her condition "play out" was cruel and

unusual punishment in violation of Decedent's Constitutional rights under the Fourth, Eighth and

Fourteenth Amendments of the United States Constitution.

75.     That as a result of the foregoing, Plaintiff's decedent incurred pain and great

suffering of body and mind prior to her demise.

76.     That as a result of the foregoing Plaintiff claims damages in the sum not to exceed

TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### SEVENTH CLAIM:  NEGLIGENCE AND GROSS NEGLIGENCE
**(Deprivation of Rights Under the Fourth, and Fourteenth Amendments to the United
States Constitution, 42 U.S.C. § 1983, and New York State Common Law)**

77.     Plaintiff incorporates by reference each and every allegation set forth hereinabove, as though more fully set forth at length herein.

78.     Defendants, **CITY OF NEW YORK PHILIP BANKS, III, DORA B. SCHRIRO, NYCHHC, JOHN DOE 1 and 2 and JANE DOE 1**, conduct in carelessly, negligently and/or deliberately refusing and/or failing to attend to Decedent's, **KYAM LIVINGSTON**, serious medical needs, in not sending Decedent to an outside hospital for emergency care, and in fact completely ignoring all pleas for help from Decedent and others in her holding cell and instead letting her condition "play out" constitutes negligence and/or gross negligence in violation of Decedent's Constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and New York State common law.

79.     That as a result of the foregoing, Plaintiff's decedent incurred pain and great suffering of body and mind prior to her demise.

80.     That as a result of the foregoing Plaintiff claims damages in the sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## EIGHTH CLAIM:  LOSS OF SERVICES & COMPANIONSHIP

81.     Plaintiff incorporates by reference each and every allegation set forth hereinabove, as though more fully set forth at length herein.

82.     At all times mentioned herein, Plaintiff, **ALEXANDER LIVINGSTON** was the natural son of Decedent, **KYAM LIVINGSTON**, and as such was entitled to his mother's services and companionship.

**83.**     As a result of the foregoing by Defendants **CITY OF NEW YORK, CHIEF OF DEPARTMENT PHILIP BANKS, III, COMMISSIONER DORA B. SCHRIRO, NYCHHC,**

**POLICE OFFICERS JOHN DOE 1 AND 2, and CORRECTIONS OFFICER JANE DOE,** Plaintiff, **ALEXANDER LIVINGSTION** has and will forever be denied the services and companionship of his mother, Decedent, **KYAM LIVINGSTON.**

84.     That as a result of the foregoing Plaintiff claims damages in the sum not to exceed TWO HUNDRED FIFTY THOUSAND ($250,000) DOLLARS.

**WHEREFORE**, Plaintiff, **ALEXANDER LIVINGSTON as the Administrator of the Estate of KYAM LIVINGSTON, deceased, and ALEXANDER LIVINGSTON, individually,** demands judgment against Defendants, **CITY OF NEW YORK, CHIEF OF DEPARTMENT PHILIP BANKS, III, COMMISSIONER DORA B. SCHRIRO, NYCHHC, POLICE OFFICERS JOHN DOE 1 AND 2, and CORRECTIONS OFFICER JANE DOE,** on each of the aforementioned first seven causes of action, all of which exceed the jurisdictional limits of all other Courts, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS, and on the Eighth cause of action in a sum not to exceed TWO HUNDRED FIFTY THOUSAND ($250,000) DOLLARS, together with costs and disbursements of this action.

Dated:      New York, NY
            October 22, 2013

Yours, etc.

ELLIOT H. TAUB, ESQ. (3540)

## ATTORNEY'S VERIFICATION

ELLIOT H. TAUB, ESQ., an attorney duly admitted to practice before this Courts affirms the following to be true under the penalties of perjury:

I am an attorney and member of THE TAUB LAW FIRM, P.C., attorneys for Plaintiff, ALEXANDER LIVINGSTON. I have read the annexed CIVIL COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:     New York, New York
           October 22, 2013

_____
ELLIOT H. TAUB, ESQ.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEXANDER LIVINGSTON, as the Administrator of the Estate of KYAM
LIVINGSTON, deceased, and ALEXANDER LIVINGSTON, individually,

**Plaintiffs,**

- against -

CITY OF NEW YORK, CHIEF OF DEPARTMENT PHILIP BANKS, III,
COMMISSIONER DORA B. SCHRIRO, NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, POLICE OFFICERS JOHN DOE 1 and 2, and CORRECTIONS
OFFICER JANE DOE,

**Defendants.**

**SUMMONS & VERIFIED COMPLAINT**

**THE TAUB LAW FIRM, P.C.**

*Attorneys for Plaintiffs*
**ALEXANDER LIVINGSTON and
KYAM LIVINGSTON, deceased**
**14 Penn Plaza, Suite 2105**
**225 West 34th Street**
**New York, NY 10122**
**Tel: (646) 484-5020**
Fax: (646) 429-9806*
www.taublawfirm.com

---

*     Not for service of legal papers.