UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALEXANDER LIVINGSTON, as the Administrator of the Estate of KYAM LIVINGSTON, deceased, and ALEXANDER LIVINGSTON, individually,

                                                Plaintiffs,

-against-

CITY OF NEW YORK, CHIEF OF DEPARTMENT PHILIP BANKS, III, COMMISSIONER DORA B. SCHRIRO, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, POLICE OFFICERS JOHN DOE 1 and 2, CORRECTIONS OFFICER JANE DOE,

                                                  Defendants.

**ANSWER FOR CITY, BANKS & SCHRIRO**

13 CV 5782 (RRM)(JO)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------ x

        Defendants City of New York, Philip Banks and Dora Schriro ("defendants"), by their attorney, Jeffrey Freidlander, Acting Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to bring this action as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to base the venue of this action as stated therein.

        5.     Paragraph "5" of the Complaint contains no averments of fact and, accordingly, requires no response.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Philip Banks is employed by the City of New York as Chief of Department.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Dora B. Schriro is employed by the City of New York as Commissioner of the New York City Department of Correction.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that New York City Health and Hospitals Corporation ("HHC") is a municipal hospital corporation and that it maintains Kings County Hospital.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "JOHN DOE 1-2."

13. Deny the allegations set forth in paragraph "13" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "JANE DOE."

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admit that Theresa Johnson called 911 on or about July 19, 2013.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint, except admit that decedent was transported from her residence to Kings County Hospital.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiff was discharged and released from Kings County Hospital.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint, except admit that plaintiff was discharged and released from Kings County Hospital into police custody.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, except admit that plaintiff was transported from Kings County Hospital to the 70th Precinct stationhouse.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admit that plaintiff was transported from Kings County Hospital to the 70th Precinct stationhouse.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint, except admit that plaintiff was transported from the 70th Precinct stationhouse to Brooklyn Central Booking.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that decedent died on or about July 21, 2013.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint, except admit that decedent died on or about July 21, 2013.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit that a document purporting to be a notice of claim was received on or about July 26, 2013.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit that no payment or adjustment has been made by defendant City.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit that a hearing pursuant to GML § 50-h was held on or about October 21, 2013 with testimony from plaintiff Alexander Livingston.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. In response to the allegations set forth in paragraph "52" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit that plaintiffs purport to seek relief as set forth therein.

55. In response to the allegations set forth in paragraph "55" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, , except admit that plaintiffs purport to seek relief as set forth therein.

60. In response to the allegations set forth in paragraph "60" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint, , except admit that plaintiffs purport to seek relief as set forth therein.

64. In response to the allegations set forth in paragraph "64" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint, , except admit that plaintiffs purport to seek relief as set forth therein.

69. In response to the allegations set forth in paragraph "69" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint, , except admit that plaintiffs purport to seek relief as set forth therein.

73. In response to the allegations set forth in paragraph "73" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint, , except admit that plaintiffs purport to seek relief as set forth therein.

77. In response to the allegations set forth in paragraph "77" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint, , except admit that plaintiffs purport to seek relief as set forth therein.

81. In response to the allegations set forth in paragraph "81" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint, except admit that plaintiffs purport to seek relief as set forth therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

85. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

86. Defendants City, Banks & Schriro have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

87. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

88. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening, culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

89. Plaintiffs cannot obtain punitive damages against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

90. Plaintiffs provoked any incident that occurred.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

91. Plaintiffs' claims may be barred, in whole or in part, because plaintiffs failed to comply with all conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

92. Plaintiffs' claims may be barred, in part, by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

93. There was reasonable suspicion and/or probable cause for any searches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

94. There was probable cause for decedent's arrest and/or detention and/or prosecution.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

95. The individual defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

96. At all times relevant to the acts alleged in the Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

97. Plaintiffs failed to mitigate damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

98. Defendants Philip Banks and Dora Schriro were not personally involved in the incidents alleged.

**WHEREFORE,** defendants City of New York, Philip Banks and Dora Schriro request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	January 17, 2014

					JEFFREY FRIEDLANDER
					Acting Corporation Counsel of the
					  City of New York
					*Attorney for Defendants City, Banks & Schriro*
					100 Church Street
					New York, New York 10007
					(212) 356-2371

					By:	_____/S_____
						Karl J. Ashanti, Esq.
						Assistant Corporation Counsel
						Special Federal Litigation Division

To:	Elliot H. Taub, Esq. (By ECF and Mail)
	THE TAUB LAW FIRM, P.C.
	*Attorneys for Plaintiffs*
	14 Penn Plaza, Suite 2105
	225 West 34th Street
	New York, NY 10122

**DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL**

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on **January 17, 2014**, I served the annexed **Answer for City, Banks & Schriro** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Elliot H. Taub, Esq.
THE TAUB LAW FIRM, P.C.
14 Penn Plaza, Suite 2105
225 West 34th Street
New York, NY 10122

Dated: New York, New York
January 17, 2014

                                           /S
                                     Karl J. Ashanti, Esq.
                                     Assistant Corporation Counsel

Index No. 13 CV 5782 (RRM)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEXANDER LIVINGSTON, as the Administrator of the Estate of KYAM LIVINGSTON, deceased, and ALEXANDER LIVINGSTON, individually,

Plaintiffs,

-against-

CITY OF NEW YORK, CHIEF OF DEPARTMENT PHILIP BANKS, III, COMMISSIONER DORA B. SCHRIRO, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, POLICE OFFICERS JOHN DOE 1 and 2, CORRECTIONS OFFICER JANE DOE,

Defendants.

## ANSWER FOR CITY, BANKS & SCHRIRO

*JEFFREY FRIEDLANDER*
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karl J. Ashanti, Esq.*
*Tel: (212) 356-2371*
*NYCLIS No. 2013-051030*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................., 200......*

*............................................................................. Esq.*

*Attorney for ...........................................................................*